IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02214-BNB

WILLIAM L. WRIGHT,

    Plaintiff,

v.

HODGE, Dr.,
KATHLEEN BOYD, Nurse,
CAROL DANFORTH,
MICHAEL BERGONDO,
JUDY BEEMAN, and
PAULA FRANTZ, Dr.,

    Defendant(s).

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

    Plaintiff, William L. Wright, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Canón City, Colorado. Mr. Williams initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an amended complaint on September 10, 2012.

    On November 14, 2012, Magistrate Judge Boyd N. Boland reviewed the amended complaint and found it to be deficient because Mr. Wright failed to allege the personal participation of some of the Defendants in a violation of his constitutional rights. Magistrate Judge Boland therefore ordered the Plaintiff to file a second amended complaint within thirty days. Mr. Wright filed a second amended complaint on December 20, 2012.

Mr. Wright has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. The Court must dismiss the second amended complaint, or any portion of it, that is frivolous. *See* 28 U.S.C. § 1915A(b)(1). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will construe the amended complaint liberally because Mr. Wright is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the second amended complaint will be dismissed, in part.

Mr. Wright alleges in the second amended complaint that Defendants Hodges and Frantz, physicians at CSP, and Defendants Boyd and Beeman, nurses at CSP, have denied him treatment for his Hepatitis C, in part, because he failed to complete drug and alcohol classes which are a prerequisite to treatment. Plaintiff alleges that he completed the classes while incarcerated at the Limon correctional facility. Mr. Wright complains that Defendant Danforth denied his medical grievance at Steps 1 and 2 (ECF No. 6, at 15, 16). He further alleges that Defendant Bergondo reviewed his medical record concerning his complaint that he was denied treatment for his Hepatitis C and determined that Plaintiff's medical care had been adequate and appropriate. (ECF No. 6, at 21). Mr. Wright asserts that the Defendants have violated his Eighth Amendment rights, for which he seeks monetary and injunctive relief.

Mr. Wright fails to allege facts to show that Defendant Danforth, the step 1 and

step 2 grievance officer, participated in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the November 14 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (dismissing claim against grievance officer where plaintiff failed to allege that defendant "had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations that led Plaintiff to file the grievance); *Larson v. Meek*, No. 04-1169, 240 F. App'x 777, 780 (10th Cir. June 14, 2007) (unpublished). Mr. Wright does not state specific facts to show that Defendant Danforth has any authority to make decisions concerning his medical care. Defendant Danforth therefore is an improper party to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Wright's Eighth Amendment claim against Defendants Hodge, Boyd, Bergondo, Beeman, and Frantz do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendant Carol Danforth is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  23rd  day of     January    , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court