IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02214-CMA-MJW

WILLIAM L. WRIGHT,

Plaintiff(s),

v.

HODGE, Dr.,
KATHLEEN BOYD, Nurse,
MICHAEL BERGONDO,
JUDGE BEEMAN, and
PAULA FRANTZ, Dr.,

Defendant(s).

---

**RECOMMENDATION
THAT CLAIMS AGAINST DEFENDANTS BERGONDO AND FRANTZ BE DISMISSED
WITHOUT PREJUDICE BASED UPON PLAINTIFF'S FAILURE TO SERVE
DEFENDANTS AND FAILURE TO PROSECUTE**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on January 25, 2013 (Docket No. 22).

Defendants Michael Bergondo and Paula Frantz, who are no longer employed by the Colorado Department of Corrections, have not yet been served in this matter. (See Docket No. 25). Plaintiff has not provided the court or the U.S. Marshal Service with the current addresses for these two defendants so that they may be served.

On April 1, 2013, this court entered an Order to Show Cause (Docket No. 35) in which a Show Cause Hearing was set on May 13, 2013, at 11:00 a.m. at which plaintiff was directed to show cause why this case should not be dismissed pursuant to Fed. R.

2

Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 as against these two defendants for failure to serve and failure to prosecute. At that hearing this morning, plaintiff was still unable to provide the court with the addresses for these two defendants and did not show cause why the case should not be dismissed against them.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that all claims against defendants Bergondo and Frantz be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to serve and failure to prosecute.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

3

**within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 13, 2013                           s/ Michael J. Watanabe
       Denver, Colorado                  Michael J. Watanabe
                                                  United States Magistrate Judge