**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 12-cv-02214-CMA-MJW

WILLIAM L. WRIGHT,

      Plaintiff,

v.

HODGE, Dr.,
KATHLEEN BOYD, Nurse,
CAROL DANFORTH,
MICHAEL BERGONDO,
JUDY BEEMAN, and
PAULA FRANTZ, Dr.,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 16, 2014**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Pursuant to the Court's Order granting Plaintiff's Motion to Reopen Case (Doc. # 93), this matter is before the Court on Plaintiff's Objections to the Recommendation of the United States Magistrate Judge Granting Defendants' Motion for Summary Judgment (Doc. # 89.)

Plaintiff is a *pro se* inmate who is incarcerated in the Colorado Department of Corrections (CDOC). He filed this action pursuant to 42 U.S.C. § 1983, alleging one claim for relief under the Eighth Amendment. (Doc. # 18.) Specifically, Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs because they denied him treatment for his Hepatitis C condition. (*Id.*)

On May 16, 2014, Magistrate Judge Watanabe issued a Recommendation granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.  (Doc. #81.)

The Court has fully reviewed Plaintiff's Objection.  Although the Court has construed the Objection liberally, as Plaintiff is a *pro se* party, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), it nevertheless concludes that the Magistrate Judge's Report and Recommendation is correct and is not called into question by Plaintiff's Objection, as that Objection does not address the legal deficiencies identified and discussed cogently by Magistrate Judge Watanabe in his Recommendation.

Specifically, Plaintiff's assertion that the Eleventh Amendment does not immunize a correctional facility, an arm of the state, is incorrect as a matter of law.  *See Griess v. Colorado*, 841 F.2d 1042, 45 (10th Cir. 1988) ("[W]e affirm the district court['s] dismissal of plaintiff's claims against the state and its department of corrections on Eleventh Amendment immunity grounds.")

Additionally, Plaintiff argues that Defendants Boyd and Hodge personally participated in denial of his HCV treatment because they were aware of his serious medical condition and knew that the HCV treatment could cure his Hepatitis C, but submits no evidence to indicate that they did personally participate.   Indeed, Defendants presented evidence that Hodge and Boyd were not involved in the decision-making process for determining whether Plaintiff would be approved for HCV treatment. (Doc. # 59-2 at ¶ 10.)  Rather, they merely gathered and submitted information for review by the ID committee and the committee made the decision to approve or deny an

inmate for HCV treatment based upon objective criteria within the Clinical Standards. (*Id.*)

Similarly, Plaintiff objects to the Magistrate Judge's findings that Plaintiff did not suffer substantial harm as a result of the delay he experienced in receiving treatment. He attaches two medical records to his Objection and maintains that these records show an elevation in his liver enzymes.  However, these same medical records were already submitted to the Court by Defendants in support of their Motion for Summary Judgment.  As provided in the Affidavit of Andrew Martinez, M.D., Chief Medical Officer for the CDOC, these records show that Plaintiff's liver functions remained within normal laboratory range.  (Doc. 59-1, ¶ 40).  Therefore, the evidence submitted by Plaintiff does not establish that he suffered substantial harm.

Accordingly, for the reasons set forth above, it is ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 81) is AFFIRMED and ADOPTED.  It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. # 59) is GRANTED.  It is

FURTHER ORDERED that this case is dismissed.

DATED:  March 25, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge